Mr. Hal H. Hood, Commissioner Firemen's Pension Commissioner 503-F, Sam Houston Building Austin, Texas 78701
Re: Authority of trustees of a Firemen's Pension and Retirement Fund to make certain investments
Dear Mr. Hood:
You have requested our opinion regarding the authority of the trustees of a Firemen's Relief and Retirement Fund to make certain investments.
You state that the trustees of the Firemen's Relief and Retirement Fund of a city have invested a portion of its surplus funds in two local ventures. In the first instance, the trustees invested $1.2 million as a loan at 12 percent interest to a limited partnership venture created for the purpose of converting an apartment complex into condominiums. One of the trustees of the fund owns an interest in this limited partnership. In the second instance, the trustees invested an unspecified sum in a locally owned corporation created for the purpose of land development. This corporation is not listed with an exchange registered with the Securities and Exchange Commission and one of the trustees of the fund owns stock in the corporation.
Section 23A of article 6243e, V.T.C.S., provides:
 (a) This section applies to the Firemen's Relief and Retirement Fund in any city having a population of less than two hundred forty thousand (240,000), according to the last preceding Federal Census.
 (b) Whenever, in the opinion of the Board of Trustees, there is on hand in the Firemen's Relief and Retirement Fund a surplus over and above a reasonably safe amount to take care of current demands upon such fund, such surplus, or so much thereof as in the judgment of the Board is deemed proper, may be invested in bonds or other interest-bearing obligations and securities of the United States, the State of Texas, or any county, city or other political subdivision of the State of Texas; in shares or share accounts of savings and loan associations, where such shares or share accounts are insured under and by virtue of the Federal Savings and Loan Insurance Corporation; in first lien real estate mortgage securities insured by the Federal Housing Administration under the National Housing Act of the United States, as amended from time to time; and in such corporation bonds, preferred stocks and common stocks as the Board may deem to be proper investments for the fund.
 (c) In making each and all of such investments the Board shall exercise the judgment and care under the circumstances then prevailing which men of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income therefrom as well as the probable safety of their capital.
 (d) No more than fifty percent (50%) of the fund shall be invested at any given time in corporate stocks, nor shall more than five percent (5%) of the fund be invested in corporate bonds and stocks issued by any one corporation, nor shall more than five percent (5%) of the voting stock of any one corporation be owned.
 (e) Stocks eligible for purchase shall be restricted to stocks of companies incorporated within the United States which have paid dividends for ten (10) consecutive years or longer immediately prior to the date of purchase and which, except for bank stocks and insurance stocks, are listed upon an exchange registered with the Securities and Exchange Commission or its successors.
Section 23A does not permit either of the investments you describe. A limited partnership is not within the restricted category of permissible investments under subsection (b). As to the corporation, you state that it is not `listed upon an exchange registered with the SEC,' nor has it `paid dividends for the ten (10) consecutive years or longer immediately prior to the date of purchase.' Thus, neither company, on the basis of the facts you have described, constitutes a permissible repository for surplus monies of the fund.
You also ask whether meetings of the fund's board of trustees are subject to the Texas Open Meetings Act, article 6252-17, V.T.C.S., and whether the board must keep minutes of its meetings. The Open Meetings Act is applicable to every deliberation among a quorum of members of a `governmental body,' defined, inter alia, as:
 every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city.
V.T.C.S. art. 6252-17, § 1(c).
The board of trustees is composed of city officials serving ex officio and members of the fire department elected by the membership. V.T.C.S. art. 6243e, §§ 3, 3A, 3B. The city treasurer, serving as treasurer of the Board of Trustees, is custodian of the Firemen's Relief and Retirement Fund for the city. Id. § 3. The board of trustees has the power to receive, handle and control, manage and disburse the Firemen's Relief and Retirement Fund. Id. It also has power to hear and determine applications for benefits. Id. In our opinion, the board is a deliberative body with quasi-judicial powers and classified as an agency of a city. It is a `governmental body' subject to the Open Meetings Act. See Attorney General Opinion H-467 (1974). Furthermore, section 3 of article 6243e requires the board of trustees to `hold regular monthly meetings' and to `keep accurate minutes of its meetings and records of its proceedings.' We conclude that the board of trustees is required to keep minutes of its meetings.
 SUMMARY
On the basis of the descriptions you have provided, a city Firemen's Relief and Retirement Fund subject to section 23A of article 6243e, V.T.C.S., may not invest its surplus funds in a local partnership and a local corporation. The board of trustees of the Firemen's Relief and Retirement Fund is subject to the Open Meetings Act, article 6252-17, V.T.C.S., and is required by article 6243e, V.T.C.S., to keep minutes of its meetings.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray iii Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General